IN THE CIRCUIT COURT OF THE
20TH JUDICIAL CIRCUIT IN AND
FOR LEE COUNTY, FLORIDA
GENERAL JURISDICTION DIVISION

**CASE NO.:**

DEBRA GILHOOLY

  Plaintiff,

v.

WALMART, INC.,

  Defendant.

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

  The Plaintiff, DEBRA GILHOOLY, by and through undersigned counsel, sues the Defendant, WALMART, INC., and in further support thereof would state as follows:

**FACTS AND ALLEGATIONS COMMON TO ALL COUNTS**

  1. This is an action for damages in excess of the sum of Thirty Thousand ($30,000.00) Dollars.

  2. At all times material herein, the Defendant, WALMART, INC., operated a Walmart Store located at 6019 Del Prado Blvd. S, Cape Coral, FL 33990 said store was designated as Walmart Supercenter # 819. Venue is proper in Lee County, Florida. Further, the Defendant, WALMART, INC, has designated CT CORPORATION SYSTEM as its registered agent and is authorized to accept service at 1200 S. PINE ISLAND ROAD PLANTATION, FL 33324.

3. On or about March 3rd, 2018, Plaintiff, DEBRA GILHOOLY, was an invitee at the Defendants' aforesaid premises.

4. On or about March 3rd, 2018, Plaintiff, DEBRA GILHOOLY while shopping in the Defendant's store, slipped and fell on a clear slimy substance which had accumulated on the floor in an area used by persons such as Plaintiff.

## COUNT I AGAINST WALMART, INC.

5. Plaintiff realleges paragraphs 1-4 and further states as follows:

6. At all times material herein, the Defendant, WALMART, INC. had a duty to maintain its premises in a reasonably safe condition, to refrain from conduct which would injure the Plaintiff, DEBRA GILHOOLY, and to warn her of any dangerous conditions on the premises, as a business invitee.

7. On or about March 3rd, 2018, at the time of Plaintiff's accident herein, Defendant, WALMART, INC., through its agents, servants or employees, breached its duty owed to the Plaintiff, DEBRA GILHOOLY, in one or more of the following ways:

   a) By negligently allowing loose, slippery debris and/or trash to accumulate on the floor;

   b) By negligently failing to warn of a potentially dangerous condition;

   c) By failing to correct a dangerous condition that existed for a sufficient amount of time to constitute notice;

   d) Failed to properly inspect the high traffic area; thereby allowing a dangerous condition to exist for a sufficient amount of time; and as such, knew or should have known of its existence through the exercise of reasonable care; and/or

   e) Was otherwise negligent as discovery may reveal.

8. At all times material herein, the Defendant knew or, in the exercise of reasonable care, or should have known of the existence of this hazardous condition, and/or the condition had

existed for a sufficient length of time that the Defendant knew or should have known of the condition and could have easily remedied the condition.

9. In addition, the Defendant, WALMART, INC., by and through its agents, servants or employees, breached its duty owed to the Plaintiff, DEBRA GILHOOLY, by failing to warn the Plaintiff of said loose, slippery debris and/or trash or allowing said condition to exist for a length of time sufficient in which a reasonable inspection would have disclosed the same.

10. As a direct and proximate result of the Defendant's negligence, Plaintiff, DEBRA GILHOOLY, was caused to slip and fall and suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, the expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff, DEBRA GILHOOLY demands judgment for damages against Defendant, WALMART, INC., plus costs.

### DEMAND FOR JURY TRIAL

The Plaintiff, DEBRA GILHOOLY, demands trial by jury as to all issues triable as of right. Dated this 31st day of March, 2021.

**A to Z Injury Law, PLLC.**
*Counsel for Plaintiff*
9370 S.W. 72 Street Suite A-255
Miami, Florida 33173
Phone (305) 279-7280
rubenchavez@atozinjurylaw.com
erikalvarez@atozinjurylaw.com

BY: /s/: Ruben Chavez
RUBEN CHAVEZ, ESQ.
FBN 148822
