UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DEBRA GILHOOLY,

    Plaintiff,

v.                                Case No: 2:21-cv-501-SPC-NPM

WALMART STORES EAST, LP,

    Defendant.
_____/

## OPINION AND ORDER[1]

Before the Court are Plaintiff Debra Gilhooly's Motion to Remand to State Court (Doc. 17), Defendant Walmart Stores East's response in opposition (Doc. 18), and Gilhooly's Reply (Doc. 23). For the following reasons, the Court DENIES the motion.

## BACKGROUND

This is a slip and fall case. Gilhooly alleges Walmart was negligent by failing to maintain its store in a reasonably safe condition, causing her significant injuries. Both Gilhooly and Walmart agree that the parties are completely diverse and that the damages claimed significantly exceed $75,000.

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

(*See* Docs. 1, 17). Where the parties disagree is whether Walmart's removal was timely. Gilhooly says it was not; Walmart says it was. The Court agrees with Walmart.

## LEGAL STANDARD

District courts have original jurisdiction over civil actions where the amount in controversy exceeds $75,000 and the suit is between citizens of different States. 28 U.S.C. § 1332. A defendant may remove such an action from a State court to a federal district court for the district and division in which the action is pending. 28 U.S.C § 1441(a)–(b); 28 U.S.C. § 1446(a). But there are qualifications. If the initial pleading contains sufficient information to indicate federal jurisdiction exists, a notice of removal must be filed "within 30 days after the receipt by the defendant" of the pleading. 28 U.S.C. § 1446(b)(1). And,

> [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3).

## DISCUSSION

Gilhooly's brief notes that 28 U.S.C. § 1446(b)(3) states, "if the case stated by the initial pleading is not removable, then a defendant has thirty (30)

2

days from when it becomes ascertainable that the action becomes removable" to file a notice of removal. (Doc. 17). But that is only half the story. Ascertainability is expressly conditioned by statute upon a defendant's receipt of "a copy of an amended pleading, motion, order *or other paper*," which must occur *after* the filing of an initial pleading in which removability is unclear. 28 U.S.C. § 1446(b)(3) (emphasis added). So, pre-litigation documents provided to a defendant are precluded by § 1446(b)(3)'s text from qualifying as "other papers" sufficient to trigger the 30-day removal limit. Such a reading is consistent with those of all the courts of appeal to address the issue, as well as prior decisions of this court. *Clark v. Unum Life Ins. Co. of Am.*, 95 F. Supp. 3d 1335, 1354-55 (M.D. Fla. 2015) (collecting cases).[2]

Pre-suit demand letters, and other documents received by defendants before a pleading, cannot trigger the 30-day removal limit under § 1446(b)(3). *Id.* Though Gilhooly contends that the pre-suit demand letter and other documents it provided to Walmart are enough, that is not the case. Section 1446 clearly states that in cases where an initial pleading does not make federal jurisdiction clear, the 30-day removal limit is only triggered "after receipt by the defendant...of...[an] other paper." 28 U.S.C. §1446(b)(3). Giving the statute Gilhooly's preferred reading would result in the remarkable

---

[2] Consequently, the Court denies Gilhooly's request for oral argument.

3

conclusion that the 30-day removal limit was triggered before her suit's inception. But it is "axiomatic that a case cannot be removed before its inception." *Sullivan v. Nat'l Gen. Ins. Online, Inc.*, 2018 WL 3650115, at *7 (M.D. Fla. Apr. 17, 2018) (internal citations omitted). And courts should generally avoid construing statutes "in a way that produces...absurd results" or legal impossibilities. *Dewsnup v. Timm*, 502 U.S. 410, 427 (1992). The Court sees no reason or justification for departing from the conventional interpretation of § 1446(b)(3).

Gilhooly cites several cases, arguing they support the proposition that pre-suit demands can trigger the 30-day removal period. But while those cases held that pre-suit demands may be considered in determining whether a case was properly removed, *see, e.g., Katz v. J.C. Penney Corp.*, 2009 WL 1532129, at *5 (S.D. Fla. June 1, 2009), they do not support Gilhooly's proposition. Indeed, the court in *Katz* explicitly stated that the issue of whether a pre-suit demand qualified as an "other paper" was "not relevant to the inquiry" before it. *Id.* And in *Kilmer v. Stryker Corp.*, 2014 WL 5454385 (M.D. Fla. Oct. 27, 2014), the court similarly considered pre-suit demands in the context of evaluating whether jurisdiction existed, not whether such demands could constitute "other papers" that trigger the 30-day removal limit. In fact, the words "trigger" (and its variations) and "other paper" do not appear anywhere in the order. *See id.*

4

Instead, the 30-day removal limit was triggered upon Walmart's receipt of Gilhooly's answers to its interrogatories and response to its request to produce. Those documents included information pertaining to Gilhooly's residency and the value of her medical bills (close to $500,000). (Doc. 18). From these "other paper[s]," it was ascertainable that diversity jurisdiction existed, and that the case was removable. Exactly 30 days after Walmart's receipt of those documents, it filed a notice for removal. Therefore, removal was timely.

As for Gilhooly's contention that hearing this case would constitute "[a]n expansion of federal court jurisdiction," she is mistaken. Removal is proper for "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). District courts "have original jurisdiction of all civil actions" between completely diverse parties when the amount in controversy is above $75,000. 28 U.S.C. § 1332(a). And both Gilhooly and Walmart agree that § 1332's requirements have been satisfied in this case. (*See* Docs. 1, 17).

## CONCLUSION

The Court has original jurisdiction over the instant case, by virtue of the amount in controversy (well in excess of $75,000) and completely diversity between the parties, and Walmart filed its notice for removal 30 days after it received "other papers" that made removability ascertainable. Therefore, removal was proper. Accordingly, Gilhooly's Motion to Remand is **DENIED**.